FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE**
**U.S. DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MARYLAND**

2014 OCT 30  AM 11: 54

OFFICE
AT GREENBELT

**GREENBELT DIVISION**

BY_____DEPUTY

PJM14 CV 3415

---

**ROSS A. FIORANI**
7115 Latour Court
Kingstowne, VA.  22315

**PLAINTIFF, INSURED**

v.

**NAVY FEDERAL CREDIT UNION**
c/o Karen Compher, Manager
820 Follin Lane
Vienna, VA.  22180

**ROBERT BERGER**, Sr. V.P.
820 Follin Lane
Vienna, VA. 22180

**MR. STEINER**, Account Manager
820 Follin Lane
Vienna, VA. 22180

**THEMA T. SCOTT**
**MD. OL S-30079348896**
9525 Smith Avenue,
Lanham, MD.  20706

**SIA COMPANY**, *Et al..*
Attn.: Lisa, Manager, Owner.
9525 Smith Avenue
Lanham, MD.  20706

**DEFENDANTS, Et al.**

**SERVE COMPLAINTS ON**:

**NAVY FEDERAL CREDIT UNION**
Attn: Karen Compher, Manager
820 Follin Lane
Vienna, VA.  22180

**ROBERT BERGER**, Sr. V.P.
820 Follin Lane
Vienna, VA. 22180

**MR. STEINER**, Account Manager

820 Follin Lane
Vienna, VA.  22180

**THEMA T. SCOTT**
**MD. OL S-30079348896**
9525 Smith Avenue,
Lanham, MD.  20706

**SIA COMPANY**,
Attn.: Lisa, Manager, Owner.
9525 Smith Avenue
Lanham, MD.  20706
                              **DEFENDANTS, Et al**

## GENERAL ALLEGATIONS OF FACT AND LAWS.

Plaintiff, Ross A. Fiorani, ("Plaintiff" or "Fiorani"), herein asserts, claims or states

in this civil and criminal complaint against Defendants, Navy Federal Credit Union,

("Navy Federal"), *et al,* and its agents, managers and senior executive, Sr. Vice-President

Robert Berger, ("Berger"), Karen Compher, and "John" Steiner, (unknown first name-

"Steiner").  All Defendants and other persons, known and unknown did illegally act in-

concert with Defendants at Navy Federal and SIA, also acting under 'color of State law',

pursuant to 18 U.S.C. § 241, to violate Plaintiff's Federal Civil Rights, when SIA and

Scott encountered two (2) Fairfax County Police Officers on 17 October and falsely and

deceptively made statements to those officers that he had an order, NEVER SHOWN or

provided to Plaintiff Fiorani and his auto insurance agent, Ray Marconi, Allstate Ins. Co.

Without any legitimate protection of Plaintiff Fiorani's combined rights, both officers

did condone, protect, and thereby protect Defendant Scott to commit at least three (3)

Federal and Virginia criminal codes, enumerated in this criminal, civil complaints.

Both police officers did act corruptly and illegally abusing their positions as

police officers when they assisted the Defendants, Navy Federal and SIA, Scott, to take

and commit grand larceny auto, §§ 18.2-22, 18.2-95, and §§ 18.2-152, (Computer

Crimes), and 18.2-499, (Criminal Conspiracy Act), *inter alia*, grand larceny of property,

by illegally cooperating with the Navy Federal Defendants, Berger, Lyle, Compher, and

Steiner.

-3-

Defendants further engaged in their criminal conspiracy with SIA and Thema Scott, before October 17, when it was learned that Navy Federal and SIA did also engage in criminal acts and violated Virginia's other criminal codes, as defined, §§ 18.2-152 and 18.2-499, by illegally accessing Plaintiff Fiorani's 2013 Charger's GPS, computer navigation system by using a computer, located in the State of Maryland, Lanham, to intercept, "hack-into", de-crypt the car's GPS, Navigation system, from which Defendant Scott and at least one of the Navy Federal Defendants, to illegally or criminally track and stalk Plaintiff Fiorani's whereabouts, leading them to Plaintiff's location at his Allstate Agent's office in Springfield, VA. That criminal conduct was illegal, unauthorized, without any prior consent of Plaintiff, and in direct violation(s) of Federal Statute, Computer Crimes (Fraud, Stalking, and Hacking) Act. 18 U.S.C. § ____.

As a direct result of and proximate cause of those Defendants' combined criminal acts and misconduct, Plaintiff Fiorani's Civil Rights were violated under the 14th Amendment's, Due Process and Equal Protection of Laws, which specifically prohibits the Navy Federal Defendants from being able to allegedly claim a legal repossession, which also is a direct criminal violation of Plaintiff's State law protection under Virginia's Criminal Conspiracy Act, § 18.2-499, immediately granting Plaintiff treble [financial] damages in the amount of $250,000.00, not including plaintiff's losses of his property, uses of his property, public damages to his business expectancy, professional reputation, loss of his of his trade, which includes, but is not limited to other personal character and credit damages.

Defendants, Navy Federal, SIA, and CUNA Insurance, and other named persons or unnamed persons who continued to further cause, collectively, the criminal violations of tortiously interfering with Plaintiff's professional, business, trade and reputation, at the time when Defendants, Berger, Lyle, Compher, and Steiner did knowingly, willfully and maliciously engaged in acts jointly to deceptively report and fraudulently allege to

-4-

the Fairfax County police officers that Plaintiff's car was repossessed, without any due process and equal protection of laws, adverse to FEDERAL TRADE COMMISSION Act's, 15 U.S.C. § 1681, 1691, and

§ 1692(a), which is connected to 15 U.S.C. §§ 45(a) and 5(a), the Unfair Trade and Deceptive Business Practices Act.  Separately, Navy Federal's co-Defendants also were engaged in other massive criminal deceptive insurance practices and settlement acts, pursuant to the Unfair Insurance Settlement Act, and Unfair Business and Insurance Claims Practices Act, which incorporate other criminal conduct that is defined in the RICO Act, 18 U.S.C. § 1961(a), § 1962, et seq..

All Defendants' combined illegal conduct was directed at, guided and ordered by Defendants Karen Compher, manager, and or its Sr. Vice-President of Navy Federal, Robert Berger and *CUNA* Insurance's agent, Megan Hoodjer, CUNA's agent that illegally denied, refused to honor, and illegally disregarded Navy's and Fiorani's credit claims made to CUNA insurance.  See, 14-class-action suits filed nationwide against Navy and CUNA, and should be held financially liable in this present case for violating, as parts of their ongoing massive criminal conspiracy, directly causing consumers-borrowers to be subjected to maliciously deceptive credit reports, debt collection practices act, and also violating FTC's Act of the Fair Credit Reporting Act, § 1681 and § 1691, et seq..

Collectively, Defendants, SIA was a criminal conspirator acting, in furtherance of all of Navy Federal's additional criminal conduct that was in furtherance of illegally acts of tracking and stalking all consumer-borrowers' whereabouts through their hacking in to, intercepting, decoding, by uses of a computer, to illegally "steal" without any due process and equal protection of laws, also adverse to a large number of Federal and State cases, *e.g.*, Beck v. Prupis, 529 U.S. 494, 501 (2001);  Almy v. Gresham, 639 S.E.2d 182, 188, (2007);  Selle v. Tozser, 786 N.W.2d 748, 756 (S.D. 2010); and Chaves v. Johnson, 335 S.E.2d 97 (1985).  The State of Maryland's criminal codes do parallel, in parts, the

-5-

Virginia criminal codes, §§ 18.2-95, 18.2-111, and § 18.2-152, et al., and the Federal code before and on October 17, 2014, at the time of Defendants, Navy Federal, SIA, and CUNA's engaged in-concert criminal activities, as involving the RICO Act's sections of criminal conspiracy to [further] commit other crimes under the banking, insurance, and personal retaliation, threats, coercion, and intimidation of a witness, victim, or informant, under 18 U.S.C. § 1512, § 1513, et seq..

Indeed, Plaintiff was never given any due process by hearing, before it was stolen by the Defendants and SIA's Scott. On and after October 17, Fairfax County Police has totally ignored, refused to and disregarded a criminal theft for more than 10 days, not replying, responding, or actively attempting to find it and locate it and return it to Plaintiff with all the contents in the car at the time of its grand theft auto and property, under § 18.2-95 and § 18.2-152, § 499-500.

At the time of the grand theft auto, Plaintiff was 'ordered' by the officers, acting 'under color of state laws', thus violating Fiorani's Civil Rights, Due Process and Equal Protection of Laws. Adverse to Federal civil rights, one officer corruptly told Fiorani, if he wants to get some of his property, he has to give up the key is an implied threat and an abuse of his position, using his position to get the key of Fiorani's car. That act is an illegal and unconstitutional act by the officer, (police misconduct), [18 U.S.C. § 241, § 242]. Thus, the officer acted "under color of State law", also under § 18.2-500. (Treble damages).

> "Methods of interference with a contract are considered improper are those means that are illegal or independently tortious, such as violations of statutes, regulations, and recognized by common-law rules. . . . Methods may be improper if "they violate an established standard of trade or profession, and involves unethical conduct, sharp dealings, overreaching, or unfair competition." Thus, Defendants are required to compensate and pay financial liabilities to Plaintiff.

Defendants intentionally engaged unlawful acts against Plaintiff pursuant to the

-6-

Virginia Criminal Conspiracy Act, § 18.2-499-500, as defined:

> ("[a] conspiracy consists of an unlawful combination of two or more persons to do that which is contrary to law, or . . . that is wrongful and harmful towards another person . . .may be punished criminally by indictment, or civilly by an action on the case . . . of conspiracy if damage has been occasioned to the person against whom directed.  It may also consist of an unlawful combination by persons to carry out an object not in itself unlawful, but unlawful by its means.").

Consequently, neither a State nor an individual can confer upon an agent's authority to commit [ a crime or] a tort so as to excuse the perpetrator, when such cases of Agency has no application –the wrongdoer is treated as a principal and is individually liable to the Plaintiff for the damages inflicted and subject to liability injunction against all Defendants who committed in-concert acts which has caused maliciously irreparable damages.

## JURISDICTION

This Court has exclusive jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332;  18 U.S.C. § 241, § 242;  18 U.S.C. § 1961(a), et seq.;  15 U.S.C. §§ 1681 and 1691;  15 U.S.C. § 5(a) and § 45(a), Federal Trade Commission Act, (FTCA), also *inter alia;* Unfair Trade and Deceptive Business Practices Act, (UTDBPA);  Unfair Claims Settlement Practices Act, (UCSPA), and Unfair Deceptive Insurance Claims Acts, (UDICA).  And under 18 U.S.C. § 1512, *et* seq., and the 14th Amendment's, Due Process and Equal Protection of Laws clauses of the Constitution.

This Court has pendent jurisdiction under 28 U.S.C. § 1367, and Virginia criminal conspiracy codes, § 18.2-22 and (Criminal Conspiracy Act), §§ 18.2-499, § 18.2-95, (Grand Larceny), and § 18.2-152 and § 512.  This Court also has pendent jurisdiction under the Maryland and Virginia's consumer protection laws, codes, statutes, and acts, and their Deceptive Claims Settlement Practice Acts and Unfair Business Practices Acts.

## VENUE

This Court has venue of this cause of action pursuant to 28 U.S.C. § 1391(c).

## PARTIES

Plaintiff, Insured, Ross Fiorani is a resident of the State of Virginia, residing in Fairfax County at the time of his filing this criminal and civil suit.

Defendant, Navy Federal Credit Union, ("Navy Federal"), is headquartered in the State of Virginia, in the city of Vienna, Virginia. Navy Federal was aware of, had knowledge about, and had been made aware that its employees were engaging in criminal mis-conduct and violating all borrowers-consumers' Due Process and Equal Protection of Laws over the past decade or more, (2000-2014).

Defendant, Robert Berger is a Sr. Vice President of Navy Federal Credit Union, at the time he was acting within the scope of his employment and during his engaging in a criminal conspiracy. Defendant Berger is believed to be a resident of the State of Virginia, living somewhere in this State, at the time of the filing of this suit.

Defendant, SIA and its agents, Lisa, Manager, and Defendant, Thema Scott, with a MD. operators' license # S-30079348896, is believed to be a resident of Maryland, residing in Prince Georges County, Maryland.

Defendant, SIA is a company operating in the State of Maryland, under the laws of Maryland State Vehicle Administration and supposedly operating under the Federal Department of Transportation, at the time of this criminal and civil suit. SIA is located at 9525 Smith Avenue, Lanham, Maryland, 20706.

Defendant, Karen Compher, is a manager at Navy Federal, located in Vienna, VA., at the time she ordered or authorized the grand theft auto and grand theft of property of Plaintiff's. Compher was acting within the scope of her position at the time she acted in-concert with other Defendants to commit criminal conspiracy with Defendant, SIA. She is believed to be a resident of Virginia, residing in Fairfax County, Virginia.

Defendant, Steiner, is a case manager, working at Navy Federal, located in Vienna Virginia, at the time of the grand theft auto and grand theft of property on October 17.

-8-

Steiner was acting within the scope of this position at the time he authorized or acted in-concert with others to violate Plaintiff's Civil Rights and Constitutional Rights.

## COMPLAINT

### COUNT 1    CIVIL RIGHTS VIOLATIONS, 18 U.S.C. § 241, § 242

1.   Before, on, and after January 2014, to this present date, Defendants did engage in separately or jointly, in an intentional, knowingly deceptive, and criminal acts to breach a contract by and between the Plaintiff and Defendants, Navy Federal, CUNA and SIA, from which Defendants brought in State's actors, acting within their positions as a police officer, to aid, assist, and procure the criminal 'stealing' of Plaintiff's car and his about $2,500 in personal property contained inside of the 'stolen' car.

2.   After about January 2014, to this present date, Defendants never filed any civil suit(s) against Plaintiff concerning the 2013 Dodge Charger 2013, and regarding Defendant's engaged in-concert with CUNA to illegally breach their entered credit-disability protection insurance contract entered in August 2013 and after October 2014.

3.   Under the 14th Amendment's Due Process Clause and Consumer Protection Acts, as enacted by Congress, and pursuant to the FEDERAL TRADE COMMISSION Act, it is unlawful for a creditor to violate a debtor's Due Process, criminally seizing, "stealing" property 'without any hearing after more than one-year.

4.   On and after October 2013, to this date, Defendants engaged in a conspiracy with CUNA Insurance to have CUNA stop credit insurance payments due to Defendant Navy Federal, without Plaintiff's knowledge, consent, and authorization, which will be severely harmful and detrimental to Plaintiff, his credit and loss of his personal property.

5.   After 12-months, by October 2014, Defendants never sent any legal notices, Court

papers, nor ever filed against the Plaintiff a suit which would give IMMEDIATE NOTICE that Defendants, Navy Federal and CUNA Insurance had criminally caused their intended breach of their credit insurance policy.

6. Before January, to in September 2014, Defendants, Navy Federal, Berger, Steiner and Compher, among other unnamed at this time, did illegally conspire with the company, SIA, "Lisa" to criminally access, intercept, locate and stalk, or illegally track Plaintiff's car, adverse to Va. criminal codes § 18.2-22, § 18.2-95, § 18.2-152, and § 18.2-499, under the Criminal Conspiracy Act.

7. Before September 2014, to on October 17, 2014, Defendants' Navy Federal, its several managers, their agents, and customer service employees, told the Plaintiff that Navy Federal did, without any prior notice of that fact, it had cancelled that (Fiorani's) loan only after Defendants agents had criminally stolen and seized the car and all its about $2,500 in personal property without a due process hearing, opposite of *Ex parte*, <u>Young,</u> 209 U.S. 123, 144-147.

8. On October 17, 2014, Defendants, Navy Federal, Burger, Steiner, Compher, or other unnamed persons, unconstitutionally and criminally hired a State officer, acting in his capacity as a police officer, participated in-concert against Plaintiff's civil rights, pursuant to 18 U.S.C. § 241, under color of law, thereby furthering the Defendants' ongoing criminal conspiracy and violating Plaintiff's Civil Rights.

9. The 14th Amendment provides that, "No State shall deprive any person of life, liberty, or property without due process of law, nor shall it deny any person within its jurisdiction the equal protection of laws, under color of State law."

10. WHEREFORE, Plaintiff demands judgment against Defendants individually or jointly, in an amount of $200,000.00, (Two Hundred Thousand Dollars), compensatory damages; $100,000.00, (One Hundred Thousand Dollars), equitable damages; and $600,000.00, (Six Hundred Thousand Dollars), punitive

-10-

damages.  And, Plaintiff demands Defendants, Navy Federal, Burger, Compher, Steiner and Lyle, issue Plaintiff Fiorani a free-clear title to the 2013 Dodge Charger R/T and pay over to or indemnify Plaintiff all costs, fees, and expenses incurred to recover his stolen Dodge Charger by all Defendants, Navy Federal, SIA, and all unnamed others.

## COUNT 2.   COMMON LAW FRAUD

11.   Plaintiff realege and incorporate herein, paragraphs 1 through 10, as if it were separately included herein.

12.   Defendants, Burger, Steiner, Lyle, Compher, and other unnamed agents of Navy Federal, made deceptively false representation(s) to Plaintiff that his account was charged-off, thereby making 'no-existing' loan account.

13.   Between January 2014 to October 2014, Defendant Navy Federal never filed any 'notices' in Court to sue, under Due Process, with a hearing.  But, Fiorani served Defendants, Navy Federal, et al, with the suits displaying Defendants fraudulently intended to conceal, hide, make false representations on or after October 17, to the police that the car was repossessed, when committing grand theft auto and grand theft of $2,500 of plaintiff's property in the car.

14.   Between those dates, Defendants never made any legal conduct with Plaintiff and no-Defendants' attorneys ever appeared, replied, or answered several Federal and State courts when served under Federal Rules of Civil Procedures, Rule 4, in Iowa and Virginia.

15.   Defendants knew of, about, and were aware that there was an open, pending civil suit(s) filed in Iowa and Virginia, between January to October 2014 for breaching their contract and engaging in fraudulent representations, deceptive business practices, and violating at least four (4) Federal and States' criminal codes.

16.   Plaintiff relied on the nearly 10-months of silence from Defendants, Navy Federal

and CUNA, in a manner relevant to the facts and legal matters justifiable under the totality of circumstances, known by all parties for more than 12-months.

17.   Plaintiff suffered severe personal, professional, and emotional injuries and more egregious financial damages as a direct result and proximate causes, collectively engaged in criminally by and intended to be inflicted by Defendants, et al, against Plaintiff.  And, Defendants, Navy Federal, Burger, Steiner, Compher, and Lyle, or all others unnamed had corruptly deprived Plaintiff of his supposed to be paid-off car by Defendants, CUNA to Navy Federal, on behalf of the Plaintiff.

18.   WHEREFORE, Plaintiff demands judgments against Defendants individually or jointly, in an amount of $200,000.00, (Two Hundred Thousand Dollars), compensatory damages; $100,000.00, (One Hundred Thousand Dollars), equitable damages;  and $600,000.00, (Six Hundred Thousand Dollars), punitive damages.  And, Plaintiff demands Defendants, Navy Federal, Burger, Compher, Steiner and Lyle to issue Plaintiff his entitled free-clear title to the 2013 Dodge Charger R/T, and Order Defendants to pay to or indemnify the Plaintiff all his costs, fees, and expenses incurred to recover his stolen car from Defendants, Navy Federal, SIA, and any other unnamed persons.

## COUNT 3.   CONSPIRACY UNDER THE RICO ACT

19.   Plaintiff reallege and incorporate herein, paragraphs 1 through 18, as if it were separately included herein.

20.   Defendants, Navy Federal, Robert Berger, SIA, Thema Scott, Megan Hoodjer, and CUNA Ins., engaged in a criminal conspiracy under Title 18 U.S.C. § 371 and § 18. 2-22, § 18.2-499, and further engaged in other criminal acts that are defined in 18 U.S.C. § 1961(a), § 1964(c), et seq., and Virginia's RICO Act, § 18.2-512, *et seq*.

21.   Defendants engaged in a criminal conspiracy defined in 18 U.S.C. §§ 371, and also defined by the Virginia Criminal Conspiracy Act, § 18.2-499.

-12-

22. Defendants, Navy Federal, Robert Berger, CUNA Ins., Megan Hoodjer, SIA, and Scott, were each acting in-concert with others to corruptly take and permanently deprive Plaintiff of his car and property, by and through their in-concert criminal acts by illegally stalking Fiorani and illegally 'tracking' his movements or daily work when Defendants' illegally accessed a computer to 'hack-into' Plaintiff's car's computer operating system, contrary to § 18.2-152 and § 18.2-512, et seq.

23  Defendants did knowingly, willfully, maliciously, and with a criminal intent to engage in other crimes to effect the grand theft of Plaintiff's personal property amounting to more than, or about, $2,500.00), adverse to the Virginia Computer Crimes Act in § 18.2-95 in order to steal, misappropriate, and damage plaintiff's personal property under Virginia Criminal Conspiracy Act, § 18.2-499 and § 18.2-152(a), et seq., computer crimes and committing other 'felonies' thereafter.

24. Wherefore, Plaintiff was harmed intentionally damaged financially, personally disgraced, vilified, humiliated, shamed, and severely damaged his reputation, business and personal, in an amount of $65,000, (Sixty-Five Thousand Dollars), compensatory and restitution damages.  Plaintiff demands declaratory judgment against each Defendant, CUNA or Hoodjer, jointly or separately, in an amount of, Four-Hundred Thousand Dollars, ($400,000.00), compensatory, equitable damages, and punitive damages, under Title 18 U.S.C. § 1962(c) and § 1964(c) in the amount of  One-Million Dollars, ($1,000,000.00), treble damages.

### COUNT 4.   GRAND THEFT AUTO AND LARCENY.

25.  Plaintiff reallege and incorporate herein, paragraphs 1 to 24 as if it were separately included herein.

26.  Defendants, Navy Federal, Berger, Scott, and SIA, corruptly engaged in a criminal conspiracy to commit grand theft auto and grand larceny of Fiorani's property with a criminal intent to permanently deprive Plaintiff uses of, work in his car,

-13-

and total access to his 2013 Dodge Charger and all other contained personal property held or carried in his car without legal justification, reasons, or excuse.

27. Defendants intended to commit grand larceny and theft of auto at the time of the stealing of the car, pursuant to Virginia criminal codes, §§ 18.2-95 and 18.2-152.

28. Defendants, Navy Federal, Berger, and other unnamed parties of Navy Federal and SIA and Scott is imputed to Defendants who acted through SIA and Scott to commit grand larceny and grand theft auto on October 17, 2014.

29. Wherefore, Plaintiff demands judgments against Defendants, jointly or severally in the amount of One Hundred Thousand Dollars, ($100,000.00), compensatory damages; Four Hundred Thousand Dollars, ($400,000.00), punitive damages, pursuant to Title § 18.2-22, § 18.2-95, § 18.2-117, and § 18.2-152, et seq., and § 18.2-499-500.

### COUNT 5.    INTENTIONAL ACTS OF BAD FAITH

30. Plaintiff realnege and incorporate herein, paragraphs 1 through 29 as if it were separately included herein.

31. Defendants, CUNA entered into a contract with Navy Federal, among dozens of other credit unions to sell its credit loan protection insurance policies.

32. Defendant CUNA's Insurance contract of insurance was sold to Insured, Plaintiff for coverage against loss to his personal property, on or about October 2, 2013.

33. Defendants' agents, Hoodjer, violated a number of Federal and State's Insurance codes, laws, and acts, resulting in her intentional acts of Bad-Faith and Failures to Timely Settle.

34. Plaintiff have a legitimate, reasonable expectation that an insurance company will honor its policy contract and Plaintiff, Insureds will be paid monies due from a loss when it occurs.

35. Plaintiff demand exemplary, compensatory, and punitive damages against those

-14-

Defendants and Hoodjer in an amount of $1,000,000.00, (One Million Dollars), jointly and severally, to punish all CUNA Defendants by deterring their continuous illegal insurance actions and such conduct in the future.  And, Plaintiff demands the Court issue an order against Defendant, Navy Federal, et al., to turn over to Plaintiff, forthwith, a clear auto title and a certified check for restitution from the Defendants combined illegal acts in-concert, contrary to Federal Civil Rights Act, under 18 U.S.C. § 241 and §§ § 18.2-499-500.

## COUNT 6.   UNFAIR CLAIMS PRACTICES ACT

36.  Plaintiff reallege and incorporate herein, paragraphs 1 through 35, as if it were separately included herein.

37.  Defendants knew of, had reasons to know, or was aware that CUNA's Hoodjer was not going to initiate any payments to Fiorani and Navy Federal.  As a direct cause of Defendant Hoodjer's criminal conduct, she committed violation of these States', (Wisconsin, Iowa, and Virginia), laws, whereby she did not have any reasonable or legitimate reasons and basis to illegally deny Plaintiff insurance coverage contracts.

38.  Defendant Hoodjer knew, and was aware that Fiorani did not have any of those fraudulently requested documents, and she was recklessly disregarding her required payment of the claim(s).

39.  Defendant CUNA Insurance and Navy Federal, et al., class action Defendants have a long-history of criminal and unfair or deceptive insurance practices by illegally refusing or denying all legitimate insurance claims payments on insureds' claims. By doing so has made it their past pattern and illegal, criminal practices for illegally denying and criminally not making timely payments on all such legitimate claims.

40.  WHEREFORE, Plaintiff demands this Court enter judgments, jointly or severally

against Navy Federal, to promptly release, return, and wholly vacate its unlawful seizure or repossession of this vehicle, a 2013 Dodge Charger R/T, VIN # 2C3CDXCT6DH652479, on 17 October to the date of this Court's Order.  And, Defendants are to fully compensate, indemnify, and reimburse Plaintiff within five (5)-calendar days, pursuant to Defendants' combined illegal acts as shown by Plaintiff's complaint in the amount of Three-Hundred Thousand Dollars, ($300,000.00), compensatory and equitable damages, and for punitive damages under the Virginia criminal codes, §§ 18.2-22, 18.2-152, and § 18.2-499-500, Criminal Conspiracy Act, in the amount of One Million Dollars, ($1,000,000.00).

40.   **COUNT 7.   VICARIOUS LIABILITY/RESPONDEAT SUPERIOR**

41.   Plaintiff reallege and incorporate herein, paragraphs 1 to 40, as if it was included herein.

42.   Defendant Hoodjer is an employee and agent of CUNA, in its' Waverly, office at the time of these insureds, Plaintiff, filing this proof of loss against CUNA.

43.   Defendant Hoodjer was acting as a claim processor of Plaintiff's filed claim with Navy Federal on or after October 1, 2013, to this present date, April 2014.

44.   Defendant CUNA Mutual is the employer of Defendant Hoodjer at the time she got Plaintiff Navy Federal's claim of loss for Plaintiff Fiorani, its member.

45.   Defendant CUNA Mutual has failed, refused, or disregarded the more than 12-months of criminal acts, illegal insurance conduct under dozens of Federal and States' various insurance and consumer protection laws.

46.   Defendants CUNA Insurance and Navy Federal, et al., class action Defendants and Megan Hoodjer have criminally failed, refused and disregarded those Federal and States' class-action judgments and orders issued under the Federal Insurance law States and Federal Insurance codes, statutes and acts that requires a prompt and timely claims settlement for insurance claims under the Wisconsin, Virginia,

-16-

and Iowa Insurance Commissions Rules, Regulations, Codes, Laws, and Statutes.

47.   WHEREFORE, Plaintiff Fiorani demand judgments against Defendants CUNA
Insurance and Navy Federal, et al., class action Defendants and Megan Hoodjer
in the amount of One Million Dollars, ($1,000,000.00), to punish Defendants
and to deter their continuous illegal actions and deceptive misconduct in the
future.  Plaintiff demands this Court order Defendants, Navy Federal, et al., to
return to Plaintiff, forthwith, a clear auto title and a certified check for Plaintiff's
incidental, compensatory, equitable and special damages against Defendants'
combined criminal acts and conduct, in-concert, contrary to Federal Civil Rights
Act, under 18 U.S.C. § 241 and §§ § 18.2-499-500, in the amount of One Hundred
-Thousand Dollars, ($100,000.00).

## COUNT 8    UNFAIR TRADE AND DECEPTIVE BUSINESS PRACTICES

48.   Plaintiff realleges in this count all paragraphs, 1-47, as if they were set forth here.

49.   Defendants, CUNA Insurance and Navy Federal, et al., class action Defendants
and Hoodjer did knowingly and intentionally, willfully and recklessly violated this
Federal law, codes, rules and acts pursuant to the FEDERAL TRADE
COMMISSION Act, "Unfair Trade and Deceptive Business Practices Act",
pursuant to Title 15 U.S.C. § 45(a), under § 5 of the Act.

50.   At all times relevant to this Complaint, Defendants continued to engage in their
separate or collectively committed criminal conduct, over more than 10-months,
both adverse to the FEDERAL TRADE COMMISSION Act, as defined in the Act.

51.   Defendants have continued to engage in knowingly unlawful, willfully reckless,
and deliberately malicious conduct that has consisted of a criminal act of Unfair
Insurance Claims and Settlement Practices Act, pursuant to the Virginia, Iowa,
and Wisconsin States' codes.

52.   Defendants' acts and conduct was immoral, unethical, oppressive, unscrupulous,

and was intended to substantially injure Plaintiff employment needs, income by her knowingly and intentionally undermining the Insureds' timely requirements and demands for prompt and timely payments or settlements pursuant to the Uniform Commercial Code, § 700, and Federal Trade Commission Act, § 45(a).

## COUNT 9   VA. CRIMINAL CODE, § 18.2-499-500

53.   Plaintiff realleges in this count all paragraphs, 1-52, as if they were set forth here.

54.   Defendants acted in-concert to intentionally cause egregious financial harm and personal, business, trade, and reputation injuries to Plaintiff, as a direct or indirect theft of Plaintiff's car and personal property, as defined, when "(A)ny two or more persons combine, associate, agree, mutually undertake and act in-concert together for the illegal purposes of:  (I) willfully and maliciously injuring another in his reputation, trade, business, or profession by any means whatsoever, or  (ii) by willfully and maliciously compelling others to do or perform an act against his will or by preventing and hindering another from doing or performing any lawful act." Dunlap v. Cottman Transmissions Sys., 131318 (4th Cir. 2014).

55.   Plaintiff has suffered and he will continue to suffer after Defendants' intentionally committed maliciously deceptive, vindictive, retaliatory or willfully negligent acts, which by their own application, imputation, and inferred intent was totally reckless by causing Fiorani more severe financial harm, destroyed reputation and more egregious damages to his trade and Plaintiff's professional character.

56.   Defendants' conduct was foreseeable in that it would cause a variety of financial damages to Plaintiff, as defined and outlined, pursuant to § 18.2-499-500, and those other Federal Courts' class-action suits did result in judgments against CUNA and Navy Federal, jointly and severally. Muir v. Navy Federal, citation omitted, (D.C. Cir. 2009).

57.   All has intended to cause psychological anxiety and increased medical injuries to

the Insured, by also inflicting tortious harm to Fiorani's credit reputation, his personal and professional character, integrity, trade and business reputation damage is a direct and proximate cause that resulted from Defendant Hoodjer's vindictively malicious acts under Virginia criminal code, §§ 18.2-22 and 499-500.

58. WHEREFORE, Plaintiff, Navy Federal and Fiorani demand judgments against Defendants CUNA Insurance and Navy Federal, et al., class action Defendants and Megan Hoodjer in the amount of One Million Dollars, ($1,000,000.00), to punish Defendants and to deter their continuous illegal actions and such conduct in the future.

### 10.   BREACH OF CONTRACT, TORTUOUS INTERFERENCE WITH CONTRACT, BUSINESS EXPECTANCY

59. Plaintiff incorporates into this Count all paragraphs, 1-58, as if they were set forth herein.

60. Plaintiff and Defendants, Navy Federal and CUNA insurance company entered into a consumer credit protection insurance policy under the State's and Federal Consumer Protection Acts, 15 U.S.C. § 45(a) and § 5(a), et seq..

61. Defendants, Navy Federal and CUNA Insurance, knew of, about, and was totally aware that there was an existing insurance contract and that the existence of that valid credit protection insurance contract required CUNA to pay out on any claim that is made by Plaintiff to NAVY Federal, establishing a valid insurance contract.

62. Defendants, Navy Federal and CUNA intentionally interfered with that contract by fraudulently inducing together or separately, to breach the credit protection contract by and between Defendants and Plaintiff.

63. After November 2013 to this present date, Defendants unlawfully breached by illegal means, caused the termination resulting in CUNA to not pay on Plaintiff's legitimate credit insurance claims, and NAVY to not be compensated as a result of CUNA's criminal acts and illegal insurance practices in unfair insurance claims

practices.

64.   As a direct result of Defendants' criminal conspiracy and illegal insurance acts, jointly or separately, Plaintiff was damaged and will continue to be damaged by their ongoing criminal conspiracy to violate Plaintiff's business expectancy and by Defendants' intentions to further their conspiracy adverse to and opposite of the State's and Federal Insurance codes.

65.   WHEREFORE, Plaintiff Fiorani demand judgments against Defendants CUNA Insurance and Navy Federal, et al., class action Defendants and Megan Hoodjer in the amount of One Million Dollars, ($1,000,000.00), to punish Defendants and to deter their continuous illegal actions and deceptive misconduct in the future.  And, Plaintiff demands the Court issue an order against Defendant, Navy Federal, et al., to turn over to Plaintiff, forthwith, a clear auto title and a certified check for Plaintiff's restitution from Defendant's combined illegal acts in-concert, contrary to Federal Civil Rights Act, under 18 U.S.C. § 241 and §§ § 18.2-499-500.

### COUNT 11   FEDERAL AND STATE COMPUTER CRIMES ACT

66.   Plaintiff incorporates into this Count all paragraphs, 1-58, as if they were set forth herein.

67.   Defendants, Robert Berger, Karen Compher, K. Lyle, and (unknown first name) Steiner did engage in-concert with another, crossing the State of Virginia's line into the State of Maryland to criminally engage in a conspiracy with a company, located in Lanham, MD., SIA, to steal, fraudulently hack into, deceptively decode, and thereby illegally tracking or stalking Plaintiff Fiorani and his 2013 Dodge Charger R/T.

68.   Defendants' agents, employees, and Sr. Vice President, or other unknown named persons of Navy Federal and Defendants, SIA and Scott, did perform their joint conspiracy to accomplish by their illegal purposes, by willfully, maliciously, and

concerted actions to break into Plaintiff's car's navigation or GPS system by their illegally using a computer, against Virginia's criminal codes §§ 18.2-152 and 499.

69. Defendants' combined acts were criminal and was committed for their unlawful purpose to steal, take, and permanently deprive Plaintiff of his property, which would cause Plaintiff serious damages, harm, and injuries to his trade, business, profession, and reputation, as defined in § 18.2-499.

70. By all Defendants' combined acts and criminal conspiracy by and between SIA and Scott, Defendants intended to cause Plaintiff all his resultant personal harm, direct financial injuries to his reputation, professional and personal character, was intended to be caused by Defendants' ongoing criminal acts committed in furtherance of Defendants' Navy Federal's initiated conspiracy.

71. Consequently, Defendants deliberately, knowingly, and with legal malice caused a breaching of Plaintiff's credit-disability insurance policy, in-concert with CUNA Insurance, Megan Hoodjer, (Case Manager), in and after November 2013 to this present date in October 2014.

72. Defendants thereby intentionally caused by illegal means, breaching by tortious interference with Plaintiff's contractual rights, due process and equal protection of laws, by and through Defendants' continuous criminal acts, further breached Plaintiff's tortious interference with his business expectancy as held in Virginia's criminal code, § 18.2-499-500.

73. WHEREFORE, Plaintiff demands judgments, jointly and severally, against these Defendants, in the amount of One Million Dollars, ($1,000,000.00), to punish Defendants, jointly, and to deter their continuous illegal actions, fraudulent mis-representations, and combined deceptive conduct in the future which causes the borrower-consumer to not be entitled to any due process and equal protection of laws, adverse to and contrary to the U.S. Supreme Court's rulings.  And, Plaintiff

-21-

demands the Court issue an order against Defendant, Navy Federal, et al., to turn

over to Plaintiff, forthwith, a clear auto title and a certified check for Plaintiff's

restitution from Defendant's combined illegal acts in-concert, contrary to Federal

Civil Rights Act, under 18 U.S.C. § 241 and §§ § 18.2-499-500.

## DAMAGES AND RELIEF DEMANDED

WHEREFORE, Plaintiff demands judgments against Defendants, jointly and

severally, in an amount of Four-Hundred Thousand Dollars, ($400,000.00), equitable

and compensatory damages; Three-Hundred Thousand Dollars, ($300,000.00), and

consequential damages;  and One-Million Dollars, ($1,000,000.00), punitive damages.

And, Plaintiff demands an order to and against Defendants, Navy Federal, to issue to

Plaintiff a clear, no lien auto title on the 2013 Dodge Charger R/T, which includes, but is

not limited to all past and future incurred costs, fees and expenses to recover his stolen

vehicle by CUNA insurance and Navy Federal for their intended breaches of his credit

insurance claims contract, in the amount of $250,000, for restitution and declaratory

judgment, forthwith.


Ross A. Fiorani, *et al.*,
Plaintiff, Insureds,
7115 Latour Court
Kingstowne, VA.  22315
(703) 719-0272
valegal53@gmail.com